UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 1:21-cv-00309

Tracy Alexander,
    Plaintiff,

v.

KeyBank National Association,
    Defendant.

___

**COMPLAINT**
___

1. Plaintiff is an individual who resides in Denver, CO.

2. KeyBank National Association ("KeyBank") is a national association located at 127 Public Square, Cleveland, OH 44114.

3. On October 30, 2020, Plaintiff applied and was approved for a HELOC loan with Defendant, which Plaintiff wanted to have open for emergencies in case she ever needed to use it.

4. In connection with the application, Defendant offered to give her a lower rate if she opened a KeyBank checking and savings account, which Plaintiff agreed to do, and funded the accounts with $10 each.

5. KeyBank mailed the debit card to Plaintiff at some point in early November 2020 – Plaintiff never received the debit card, and her mailbox was broken into.

6. On November 13, 2020, Plaintiff received a call from KeyBank, who advised her that a bunch of charges were made with the debit card that appeared suspicious, and asked Plaintiff if she made the charges. Plaintiff advised the KeyBank representative that she absolutely did not make <u>any</u> charges, or transactions.

7. On November 13, 2020, Plaintiff also filed a police report with the Denver Police Department, and the case was assigned to Detective Michael Barnes, and assigned case # 20-6018773.

8. On November 17, 2020, KeyBank sent a letter to Plaintiff acknowledging Plaintiff's dispute, and stating that it had issued a provisional credit in the amount of $8,410 while it investigated the fraud claims.

9. On November 19, 2020, Plaintiff met with KeyBank representative Randy Burn, and Mr. Burn prepared a fraud affidavit for Plaintiff to fill out, which itemized the fraudulent charges. Plaintiff signed it on the spot, and handed it back to Mr. Burn.

10. It was determined that a fraudster, whose identity is unknown to Plaintiff, somehow transferred money from the KeyBank HELOC loan into the checking account, and then used the stolen debit card to make several fraudulent charges.  It also appears that the fraudster may have stolen checks or created checks, and then forged Plaintiff's signature.

11. On November 19, 2020, KeyBank sent Plaintiff a letter stating that it had issued a new account number due to confirmed or potential fraud.

12. On December 29, 2020, KeyBank sent Plaintiff a letter which stated that it had determined that it had found "conflicting information", and determined that Plaintiff authorized the transactions.

13. Plaintiff has attempted to dispute these fraudulent charges via phone as well with KeyBank, who assigned Maria Karakatsani, an alleged fraud investigator to the case. Maria was very rude, patronizing and unprofessional to Plaintiff, who accused Plaintiff of making the transactions.  Maria told Plaintiff several false things, including that she had Plaintiff on

camera making the transactions.  When Plaintiff asked for proof of this such as videos or pictures, Maria refused to provide them to her.

14. KeyBank also continued to falsely represent to Plaintiff that it had not received a fraud affidavit or police report from her, which was blatantly false, as KeyBank employee Randy Burn actually typed up the fraud affidavit for Plaintiff to sign on November 19, 2020, and Plaintiff handed it to him on the spot.  Plaintiff provided the police report to Maria via email.

## COUNT I, ELECTRONIC FUNDS TRANSFER ACT (EFTA)

15. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

16. Pursuant to EFTA, and the regulations, 12 C.F.R. § 1005.6, the maximum liability of Plaintiff is $50 for the fraudulent transactions.

17. Plaintiff first discovered the fraudulent transactions on November 13, 2020, ironically because KeyBank called Plaintiff and told her the transactions looked suspicious. Then they went through them on the phone, and Plaintiff informed Defendant that she did make or authorize any of the transactions.

18. Defendant violated the EFTA by attempting to hold Plaintiff responsible for 100% of the fraudulent transactions.

19. Defendant violated EFTA, 15 U.S.C. § 1693(f) by failing to perform a good faith investigation into Plaintiff's disputes, and by failing to correct the errors, when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. Defendant knew that Plaintiff did not make or authorize the fraudulent charges – this case has all the obvious signs of fraud:  a customer never receiving the debit card, a mailbox broken into soon after the debit card was mailed, the fraudster called KeyBank 7 times on November 13, 2020 to transfer $8,000 from

    the HELOC loan to the checking account in the following increments:  $2,000, $1,000, $1,000, $1,000, $1,000, $1,000, and $1,000; then the fraudster immediately went to the ATM to take out cash withdrawals, and went to the grocery store to purchase large amounts of gift cards at King Soopers and Walmart; Plaintiff immediately filed a police report, and has been working with Detective Michael Barnes of the Denver PD, and has fully cooperated with Defendant in every respect. On November 13, 2020, there was over $2,500 in debit transactions at King Soopers alone.  Not to mention that KeyBank internally considered the transactions to be suspicious, and they actually called Plaintiff that day to see if she made the charges.  In connection with the investigation, Defendant made several false statements to Plaintiff such as claiming that it didn't have a fraud affidavit, and falsely claiming that it had Plaintiff on video and camera making the transactions.

20. Defendant's violations of EFTA have caused Plaintiff actual damages such as inconvenience, stress, worry, and emotional distress.
21. Plaintiff seeks actual damages in an amount to be determined at trial, together with statutory damages of $1,000, attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

    a) Actual damages to be determined at trial;

    b) Statutory damages of $1,000;

    c) Treble damages pursuant to 15 U.S.C. § 1693f(e);

    d) Attorney fees and costs.

Dated: February 1, 2021

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY**